IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) OMAR MARRERO-CRUZ<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>**2) CARLOS OLIVERAS-GONZALEZ**<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>3) SAMUEL BRISTOL-MARTIR<br>(Counts 1, 6, 7, 8, 9, 10)<br>4) ALVIN FLORES-BOSQUEZ<br>(Counts 1, 6, 7, and 8)<br>5) FRANCISCO SANTIAGO-ALBINO<br>(Counts 1, 9 and 10)<br>6) JAMILL AGUILA-BARRIOS<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>Defendants | CRIMINAL 05-0235CCC |

# O R D E R

Before the Court is the Motion Pursuant to Rule 33 of the F.R.C.P. filed by defendant Carlos Oliveras-González on April 6, 2006 (**docket entry 256**), where movant makes reference to the fact that two regular jurors were substituted by two alternate jurors after deliberations had commenced and after a verdict had been rendered as to Omar Marrero-Cruz, one of the four defendants. Movant claims that the newly constituted jury could not deliberate as to defendant Marrero-Cruz and also that the build-up of events that transpired during deliberations seriously prejudiced him and compromised the integrity of the judicial system.

On March 24, 2006, the Court replaced two of the regular jurors, without objection of the parties, since one of the jurors had an award trip to France the next day and the other disregarded the Court's instructions by doing research on her own as to certain legal terms. The details concerning the latter incident are discussed in the Court's April 11, 2006 Order (docket entry 263). This incident, as the Court has previously concluded in said Order and in the

CRIMINAL 05-0235CCC                    2

sealed Order dated March 21, 2006 (docket entry 232),[1] could be corrected by re-instructing the jury on Counts Two, Four, Six, Seven and Nine.  An amended instruction on these counts was read to the newly constituted jury.

After the two alternate jurors had become part of the regular jury on March 24, 2006, the Courtroom Deputy informed that a verdict form on Marrero-Cruz had been handed down by the jury whose two members had been replaced.  Said verdict form was sealed and kept by the Courtroom Deputy pursuant to the Court's instructions.  The newly constituted jury was instructed that, upon returning to the jury room, they started deliberations anew as if this were day one of the deliberative process.

Movant's contention that the newly constituted jury could not deliberate as to co-defendant Marrero-Cruz because his verdict had been issued prior to the new jury being constituted is erroneous.  In 1999, Fed.R.Crim.P. 24 was amended to allow the replacement of regular jurors, if the need arose, with alternate jurors.  See Fed.R.Crim.P. 24(c)(3). Following that rule, the alternates in this case were retained and placed in a separate room from the deliberating jury.  When two of the alternates became part of the jury during deliberations the Court, pursuant to Rule 24(c), instructed them that they must begin their deliberations anew.  The plain language of the Rule so provides.  In addition, "[i]t is well established that the jury's verdict is not final until the 'deliberations are over, the result is announced in open court, and no dissent by a juror is registered.'" United States v. Rastelli, 870 F.2d 822, 834 (2d Cir. 1989) (quoting United States v. Taylor, 507 F.2d 166, 168 (5th Cir. 1975)).  "Votes taken in the jury room prior to being returned in open court are merely preliminary and are not binding on the jury, any member of which is entitled to change his or her mind up until the time of the trial court's acceptance of the verdict." United States v. Chinchic, 655 F.2d 547, 549-50 (4th Cir. 1981).

---

[1] The reasons supporting the Court's determination are set forth in such sealed Order.

CRIMINAL 05-0235CCC 3

For the reasons stated, the Motion Pursuant to Rule 33 of the F.R.C.P. filed by defendant Carlos Oliveras-González (**docket entry 256**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on April 28, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge