IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) OMAR MARRERO-CRUZ<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>2) CARLOS OLIVERAS-GONZALEZ<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>3) SAMUEL BRISTOL-MARTIR<br>(Counts 1, 6, 7, 8, 9, 10)<br>4) ALVIN FLORES-BOSQUEZ<br>(Counts 1, 6, 7, and 8)<br>5) FRANCISCO SANTIAGO-ALBINO<br>(Counts 1, 9 and 10)<br>6) JAMILL AGUILA-BARRIOS<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>Defendants | CRIMINAL 05-0235CCC |

## O R D E R

Before the Court are the Objections to Presentence Report filed by defendant Carlos Oliveras-Gonzalez on August 28, 2006 (**docket entry 305**). Defendant contends that the Pre-Sentence Report (PSR) treats the U.S. Sentencing Guidelines as the presumptively correct sentence, seeks clarification of specific portions of the PSR, objects the application of a two-level upward adjustment under U.S.S.G. §3B1.3, and contends that as each of the three violations of 18 U.S.C. §924(c)(1)(A)(1) and (c)(1)(C)(1) for which he was convicted were committed with the same weapon, he should only be sentenced for one of them and not for all three. As the clarifications sought by defendant have already been addressed and resolved in his favor in the Addendum to the PSR dated September 26, 2006, we only address the pending objections.

Defendant's contention that the PSR treats the Sentencing Guidelines as the presumptively correct sentence is immaterial. The Court will consider the sentencing guidelines as advisory, and in conjunction with all the other sentencing factors established in 18 U.S.C. §3553(a).

The objection to the application of an upward adjustment under Guideline §3B1.3 is OVERRULED.  In support of said objection, defendant only advances that the adjustment should not be applied because he participated in the drug escorts following instructions from his supervisor.  While there was evidence presented at trial that defendant did notify his supervisor when he was first approached to participate in the conspiracy charged, the evidence also showed that he never reported any additional information back to his superior as he allegedly was instructed.  Thus, his participation in the conspiracy was not in the performance of his functions as a law enforcement officer, but in contravention of such duties.  As he abused a position of public trust in the commission of the offense, the adjustment under §3B1.3 was properly applied.

Finally, defendant requests to be sentenced for only one of the three 18 U.S.C. §924(c)(1) convictions since all of them were committed with the same weapon.  It is firmly established that convictions on multiple counts of violating §924(c)(1) contained in a single indictment will trigger the enhanced minimum sentence of §924(c)(1)(C)(I)).  See Deal v. United States, 508 U.S. 129, 132, 113 S.Ct. 1993 (1993).  This is so irrespective of whether the offenses involved the same firearm, as long as they involve separate acts of firearm use or carriage.  United States v. Camps, 32 F.3d 102, 106 (4th Cir.1994) ("consecutive sentences under section 924(c)(1) are appropriate whenever there have been multiple, separate acts of firearm use or carriage, even when all of those acts relate to a single predicate offense."); United States v. Lucas, 932 F.2d 1210, 1221-23 (8th Cir.1991) ("each separate use of a firearm in relation to a violent crime or drug trafficking crime is punishable under section 924(c)."  Defendant's request for a single sentence under §924(c) is, therefore, DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on November 3, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge